UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRENCE GILL,**
on behalf of himself and
all others similarly situated,

       Plaintiff,                     Case No.: 2:05 - cv - 00982

     v.                                   Judge Smith

**BYERS CHEVROLET LLC,**        Magistrate Judge Abel

**and**

**GEO. BYERS SONS HOLDING INC.,**

       **Defendants.**

## OPINION AND ORDER

Plaintiff Terrence Gill brings this class action to recover damages for alleged violations by Defendants, Byers Chevrolet LLC ("Byers Chevrolet") and Geo. Byers Sons Holding, Inc. ("Byers Holding"), of (1) the Fair Credit Reporting Act; (2) the Equal Credit Opportunity Act; (3) fraud and breach of fiduciary duties; (4) tortious nondisclosure; (5) breach of contract; (6) the Ohio Consumer Sales Practices Act; (7) the Ohio Retail Installment Sales Act; (8) the Ohio Odometer and Rollback Disclosure Act; and (9) the Federal Odometer Act. Defendant Geo. Byers Sons Holding, Inc. now moves to dismiss Plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted (Doc. 52). For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss.

I.     BACKGROUND

   A.     **Procedural History**

On October 27, 2005, Plaintiff initiated this class action lawsuit.  Plaintiff then filed a First Amended Complaint on November 11, 2005.  On February 28, 2006, Defendant Byers Holding filed a Motion to Dismiss the First Amended Complaint (Doc. 19).  On August 23, 2006, the Court granted Defendant Byers Holding's motion to dismiss and accordingly Byers Holding was dismissed as a defendant.  In so doing, the Court concluded that "Gill has expressly disavowed that he is attempting to pierce the corporate veil in this case; therefore, he regards both Byers Chevrolet and Byers Holding as independent and autonomous entities that are responsible for their own respective actions."  (August 23, 2006 Opinion and Order, Doc. 33).  The Court therefore held that Plaintiff did not sufficiently plead that Byers Holding played any personal role in Plaintiff's purchase of his car.

On August 24, 2007, Plaintiff filed a Motion to Revise Interlocutory Opinion and Order (Doc. 35), in which he asked the Court to reconsider its decision dismissing Byers Holding. Plaintiff asserted that Byers Holding was not liable as a shareholder, but as a joint tortfeasor with Byers Chevrolet, and that Byers Holding "had a personal role in causing [Plaintiff's] injuries...." The Court, however, denied Plaintiff's Motion to Revise Interlocutory Opinion and Order (Doc. 36).

Then on November 2, 2006, Plaintiff filed a Motion for Leave to Amend the Complaint (Doc. 38), seeking to again name Byers Holding as a defendant and to add three additional causes of action.  Byers Holding opposed any such amended complaint.  On March 6, 2007, Magistrate Judge Abel granted Plaintiff's motion, in part, allowing Plaintiff to amend his

complaint to again include Byers Holding as a defendant and to bring two additional causes of action against both Defendants (Doc. 44).  In deciding to allow this Second Amended Complaint, the Court analyzed whether Plaintiff pled facts sufficient to pierce the corporate veil and not whether Byers Holding was direct participant.  The Second Amended Complaint was therefore filed on March 14, 2007 (Doc. 45).

Defendant Byers Holding immediately filed objections to the Magistrate's Order allowing Plaintiff to file the Second Amended Complaint (Doc. 46).  Defendant's objections, however, were overruled in an Order by this Court filed June 18, 2007 (Doc. 56).  In that Order, the Court also recognized that "[w]hile the amended complaint does allege facts sufficient to assert that Byers Holding is liable under a veil piercing theory, it does not allege sufficient facts to state that Byers Holding is liable because it had any direct and personal involvement with Plaintiff's transaction." (Doc. 56, p. 4).  While Defendant's objections were pending, Defendant Byers Holding also filed a Motion to Dismiss to the Second Amended Complaint, which is now ripe for decision.

**B. Facts**

Byers Chevrolet is a subsidiary of Byers Holding.  Plaintiff Gill contends that Byers Holding "has completely controlled the daily operation and management of the common business efforts conducted by these entities who act at these locations for and under the direction and domination of Geo. Byers Sons Holding, Inc., its board, its corporate officers, and/or its employees." (2nd Am. Compl. ¶ 5).

On October 30, 2004, Plaintiff Gill visited Byers Chevrolet to shop for a 2004 Chevrolet Aveo.  At this time, Gill's credit report reflected current unpaid medical and credit card debt, and

he alleges he informed Byers Chevrolet of his credit problems. Gill contends that "pursuant to the Byers' routine and customary consumer sale, marketing and financing practices," Byers Chevrolet informed him that it was able to obtain 5.59% APR financing through Citizen Automobile Finance, Inc. for the financed purchase price, payable in 72 monthly installments of $235.99. (2nd Am. Compl. ¶ 38).

Plaintiff Gill states that he was pleasantly surprised by the deal because of his poor credit history and signed a document at Byers Chevrolet entitled "Retail Installment Contract," agreeing to the transaction as described above. He additionally paid a deposit of $1629.00, and traded in his 1998 Ford Windstar, which had a remaining balance of $3,990.85 due to the lender. Gill alleges that the Defendants agreed to pay the remaining balance on the Windstar to the lender.

In addition to the Retail Installment Contract, Gill also signed a document entitled "Spot Agreement," that states that if Byers Chevrolet is unable to obtain financing within five days, then Gill would have to either return the Aveo, or pay the balance. Gill contends that he expressed confusion to Byers Chevrolet about why he must sign the form as it was his understanding that financing had already been obtained at the 5.59% rate. Byers Chevrolet then purportedly told Gill that the Spot Agreement was "just a formality." After the paperwork was signed, Gill drove home in a new Aveo from the lot.

Plaintiff alleges that Defendants failed to pay the balance of the Windstar loan in a timely fashion, despite his repeated calls Byers Chevrolet requesting that it do so. He also contends that when Citizens' Automobile Finance, Inc., refused to purchase his contract, the Defendants, without his permission, attempted to sell his loan to other financing companies. Gill further

asserts that Defendants eventually found a company to finance the purchase, but at 10.95% interest rather than the previously agreed upon 5.59%.

On December 2, 2004, the finance manager at Byers Chevrolet met with Gill and purportedly told him that because Citizen would not buy his contract at the 5.59% interest rate, Gill must immediately make a decision to either must pay the remaining balance on the car in cash, return the car, or accept the 10.95% interest rate that Defendants had been able to obtain with an alternate financier.  Gill alleges that a combination of factors, including his need for reliable transportation and the default on the Windstar loan caused him to sign another Retail Installment Contract at the higher interest rate.

On November 11, 2005, Gill initiated this lawsuit against both Byers Chevrolet for harm allegedly caused by the use of its routine and customary consumer sales, marketing and financing practices and Byers Holding because of its alleged establishment, direction, control, and supervision of these practices.

## II.     MOTION TO DISMISS

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the amended complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it.  *Roth Steel Prods.*, 705 F.2d at 155.  The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim.  Consequently, a

complaint will be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12 (b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 296 (2d ed. 1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *see also Bell Atlantic Corp. v. Twombly,*, 550 U.S. ___, 127 S. Ct. 1955, 1964-65 (2007)[1]. A plaintiff's obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. *See LULAC v. Bredesen*, 2007 U.S. App. LEXIS 20556 at *3-4 (6th Cir. 2007), *citing Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-65. The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action;

---

[1] In this recent *Bell Atlantic Corp.* case, the United States Supreme Court rejected the language previously used by the Court in *Conley v. Gibson*, providing that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). *See Bell Atlantic Corp.*, 127 S.Ct. at 1969 (holding that the *Conley* "no set of facts" language "has earned its retirement" and "is best forgotten.").

they must show entitlement to relief. *Id.* To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Id.*

### III. DISCUSSION

Defendant Byers Holding argues that Plaintiff's Second Amended Complaint should be dismissed for two reasons: 1) Plaintiff has not plead facts demonstrating Byers Holding's Personal Participation in the Aveo Sale; and 2) Plaintiff has disavowed veil piercing and the facts alleged in the second amended complaint do not support such a theory.

#### A. Personal Participation

Defendant Byers Holding argues that Plaintiff has not alleged a claim directly against them. Specifically, Plaintiff has failed to plead that Byers Holding committed any unlawful acts. Plaintiff sets forth in the Second Amended Complaint that his purchase of the automobile was entirely through Byers Chevrolet. Defendant asserts that Plaintiff has merely plead the same allegations that they asserted in their First Amended Complaint, which this Court held do not establish direct participation by Byers Holding. (*See* Doc. 33).

In addition to Plaintiff's failure to plead any additional allegations against Byers Holding to establish a claim against them based on personal participation, it appears Plaintiff has abandoned this theory. Plaintiff has not responded to Defendant's arguments regarding personal participation and merely focuses his brief on the piercing the corporate veil theory.

As Plaintiff has abandoned his direct participation theory of liability against Defendant Byers Holding, he is barred from asserting any such allegations during this litigation. The Court

will next turn to Plaintiff's new theory of liability for asserting claims against Defendant Byers Holding.

### B. Piercing the Corporate Veil

First, Byers Holding argues that Plaintiff has repeatedly disavowed his intent to proceed against Byers Holding by piercing the corporate veil and therefore should be prohibited from doing so here. Defendant argues that Plaintiff should somehow be estopped from now asserting claims against Byers Holding based on the theory of piercing the corporate veil. Plaintiff, however, asserts that this court must only consider the pleading at issue, the Second Amended Complaint. This Court agrees with Plaintiff.

There is no question that Plaintiff Gill has expressly disavowed that he is attempting to pierce the corporate veil in prior pleadings. Such argument was even recognized by this Court in its ruling on the previous motion to dismiss (Doc. 33). Therefore in the previous order, based on Plaintiff's arguments, the Court regarded both Byers Chevrolet and Byers Holding as independent and autonomous entities that are responsible for their own respective actions.

The Rule 12(b)(6) standard is to be applied pleading-by-pleading. Once the Second Amended Complaint was filed, it superceded the Amended Complaint, and is now the only pleading at issue before the Court. *See Schmauch v. Honda of America Mfg., Inc.*, 311 F. Supp. 2d 631, 633 (S.D. Ohio 2003), *citing Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306-307 (6th Cir. 2000).

This Court must therefore look within the four corners of the Second Amended Complaint to determine its legal sufficiency under Rule 12(b)(6).

Second, Byers Holding contends that Plaintiff has failed to set forth facts in the Second Amended Complaint that would allow for the corporate veil to be pierced, and to hold Byers Holding liable for the actions of its subsidiary, Byers Chevrolet. In support of its argument, Byers Holding states that in order to pierce the corporate veil, Plaintiff must show that: (1) the parent corporation maintained such a high level of control over the subsidiary such that the subsidiary had "no separate mind;" (2) the parent used its control over the subsidiary in a "manner as to commit fraud or an illegal act" against the plaintiff; and (3) because of this control, plaintiff suffered harm. *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Co., Inc.*, 67 Ohio St. 3d 274, 289 (Ohio 1993). Defendant Byers Holding argues that Plaintiff has failed to allege any of these necessary factors in his Second Amended Complaint, and thus, the action should be dismissed for failure to state a claim upon which relief can be granted.

Belvedere has been repeatedly cited by this Court as "the controlling authority on piercing the corporate veil in Ohio." *Winston v. Leak*, 159 F. Supp. 2d 1012, 1018 (S.D. Ohio 2001). Thus, in order to successfully pierce the corporate veil, Plaintiff must prove all of the *Belvedere* factors. However, the courts are not entirely uniform regarding whether a plaintiff must specifically allege in the amended complaint that defendant meets all of the *Belvedere* criteria in order to survive a Rule 12(b)(6) motion.

The U.S. District Court for the Northern District of Ohio has dismissed a plaintiff's complaint on the basis that it failed to allege that the defendant's conduct met the necessary *Belvedere* factors. *Salatin v. Trans Healthcare of Ohio, Inc.*, 170 F. Supp. 2d 775, 782 (N.D. Ohio 2001). However, the complaint in *Salatin* fails to allege anything other than that the

-9-

subsidiary's breach "by extension, may extend to [the parent] depending upon the relationship between" the parent and subsidiary. *Id*.

The Ohio Court of Appeals of the 10th District has held that a plaintiff may proceed on a theory of piercing the corporate veil even when his complaint does not specify any intent to proceed under the doctrine. *Dalicandro v. Morrison Road Rev. Co.*, Nos. 00AP-619 and 00AP-656, 2001Ohio App. LEXIS 1765, at *20-21 (April 17, 2001). A plaintiff's complaint simply must contain "some indication that evidence on the issue would be introduced at trial." *Id.* at *20. In *Dalicandro*, the plaintiff's complaint was held to be sufficient when it named the shareholder defendant as an individual and alleged that he personally used his company to engage in prohibited conduct. *Id.* at *20-21.

The Southern District of Ohio granted a Rule 12(b)(6) motion to dismiss a plaintiff's complaint that listed seven corporations as defendants in her employment action but failed to claim any specific wrongdoing on their parts. *Winston,* 159 F. Supp. 2d at 1017. The complaint merely stated that the plaintiff's employer was a principle in each of the corporations without making any allegations that "even with a liberal reading, that imply any connection between the employment agreement and the seven Corporate Defendants." *Id*.

These aforementioned cases illustrate that if Gill is seeking to pierce the corporate veil in order to hold Byers Holding liable, then he must allege facts in his Second Amended Complaint that, at the very least, implicate the *Belvedere* factors. The Court will therefore examine each of the *Belvedere* factors in turn.

### 1. Parent corporation's control over the subsidiary

Defendant argues that Plaintiff has merely plead that Byers Holding had control over Byers Chevrolet, but that this is not sufficient for parental liability. As set forth above, however, Plaintiff must merely implicate the *Belvedere* factors, not prove them at this time. Plaintiff has alleged in the Second Amended Complaint Byers Holdings' control over Byers Chevrolet. In paragraph 5 of the Second Amended Complaint, Plaintiff states:

> At all relevant times, Geo. Byers Sons Holding, Inc. has completely controlled the daily operation and management of the common business efforts conducted by these entities who act at these locations for and under the direction and domination of Geo. Byers Sons Holding, Inc., its board, its corporate officers, and/or its employees.

Plaintiff continues in paragraph 6 of the Second Amended Complaint by citing to previous cases involving Geo. Byers & Sons, Inc., not Geo. Byers Sons Holding, Inc. Defendant argues that Plaintiff cannot rely on these cases, which do not even involve the same party, to establish the control element. This Court agrees and therefore these cases will not be considered for purposes of this motion, nor as any basis for liability.

Plaintiff continues in paragraphs 14 through 28 alleging that Byers Holding controls Byers Chevrolet and even Byers Holding has established and implemented the fraudulent and illegal practices which injured Plaintiff. (See 2nd Am. Compl. at ¶ 19). Further, in paragraph 17 of the Second Amended Complaint, Plaintiff alleges: "At all relevant times, these LLCs, including defendant Byers Chevrolet LLC, therefore have operated as the agents and functionally indistinguishable alter egos of defendant Geo. Byers Sons Holding, Inc."

The Court therefore finds that based on Plaintiff's allegations in the Second Amended Complaint, he has plead facts sufficient to implicate the first *Belvedere* factor.

### 2. Parent corporation's use of control over the subsidiary

The second *Belvedere* element is to establish that the parent used its control over the subsidiary in a "manner as to commit fraud or an illegal act" against the plaintiff. 67 Ohio St. 3d at 289. Plaintiff argues that he has alleged this element specifically in paragraphs 28 and 129 of the Second Amended Complaint and in various other paragraphs. Defendant, however, argues that these paragraphs are again referring to prior lawsuits and not sufficient to establish the second element.

Again, the Court does not have to find that the second element has been met, but merely that it has plead facts to implicate the factor. The Court finds that Plaintiff has plead sufficient facts to met the second *Belvedere* factor. Plaintiff has alleged that Byers Holding is liable in "establishing and implementing the fraudulent and illegal consumer practices which injured plaintiff and all those similarly situated is indicated in other ways as well." (2nd Am. Compl. at ¶ 19).

Defendant argues that while Plaintiff alleges that Byers Chevrolet was using all Byers Holding sales and financing forms, he has not alleged that Byers Holding was aware that these forms were being used for the purpose of committing fraudulent or wrongful acts. The Defendant cites cases in support of this argument, but such cases are not determining whether Plaintiff has sufficiently plead allegations against a parent under the piercing the corporate veil theory. (See Def.'s Mot. to Dismiss at 10-11). Rather, theses cases are much later in the proceedings where evidence in support of such allegations is required. At this stage in the proceedings, however, the Court finds that Plaintiff has sufficiently alleged facts against Defendant Byers Holding to implicate the second *Belvedere* factor.

### 3. Harm to plaintiff as a result of parent corporation's control over subsidiary

Defendant argues that Plaintiff has failed to meet the third element of the *Belvedere* factors, that Byers Holding purported control over Byers Chevrolet caused harm to Plaintiff. The Court is concerned that Plaintiff's Second Amended Complaint does not specifically state this, but Plaintiff has made some very general statements, as referenced above, that implicate this third *Belvedere* factor. Construing Plaintiff's allegations as true, it can be inferred that Plaintiff intended to allege that Byers Holding's control over Byers Chevrolet caused the harm.

In conclusion, it is clear to the Court the Byers Chevrolet is the only party alleged to have dealt with Plaintiff Gill, however, Plaintiff has sufficiently alleged facts to at least implicate the three *Belvedere* factors. It is important for Plaintiff to recognize that surviving a Rule 12(b)(6) motion to dismiss is much different that a motion for summary judgment and mere allegations will not suffice.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant Byers Holding's Motion to Dismiss (Doc. 52) is **DENIED**.

The Clerk shall remove Document 52 from the Court's pending motions list.

**IT IS SO ORDERED.**

 */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**